UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00167-RJC

| | |
|---|---|
| USA, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| JAMES ALEXANDER SHEPHERD | ) |

**THIS MATTER** is before the Court for determination of restitution which was deferred at the time of each defendant's sentencing. Upon consideration of the supplemental briefing by the parties and the entire record of this case, the Court will order restitution as detailed below.

Under the Mandatory Victim Restitution Act (MVRA), a victim is a person directly and proximately harmed as a result of the commission of a qualifying offense and a defendant must pay the value of the property loss. 18 U.S.C. § 3663A(a)(2) and (b)(1). Consequential damages are not ordinarily recoverable. United States v. Abdelbary, 746 F.3d 570, 578 (4th Cir. 2014). Any dispute regarding the amount or type of restitution is resolved by the Court based on the preponderance of the evidence. 18 U.S.C. § 3663(e). However, the Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3). Here, the defendant agreed to pay full restitution to all victims directly or indirectly harmed by his relevant conduct as part of his plea agreement. (Doc. No. 2 at 3).

The government bears the burden of proof, 18 U.S.C. § 3663(e), and requests $8,409,279.43 in restitution, the total amount of money numerous victims invested with the defendant during a seven year scheme. (Doc. No. 34: Motion at 1; Doc. No. 27: Response at 5). The defendant seeks to limit restitution to the amount of money he misappropriated and to avoid

1

paying for "trading losses" that invested funds suffered apart from his conduct. (Doc. No. 28: Memorandum at 1). The defendant's argument ignores the gravamen of his offense, which was not simple misappropriation of money entrusted to him by investors, but rather securities fraud accomplished by providing false financial information to potential and current investors, in violation of 15 U.S.C. § 78j(b). (Doc. No. 1: Information at 4; Doc. No. 2: Plea Agreement at 2; Doc. No. 18: Presentence Report ¶¶ 14-16).

Numerous victims informed the Court that they relied on the false statements by the defendant in placing their money with him and forgoing opportunities to make legitimate investments elsewhere. (Id. at Attachment 1: Victim Impact Comments). There is no evidence showing that victims would still have invested with the defendant if he had truthfully disclosed that he was using a portion of their money to make good on promised rates of returns to other investors, to build a multi-million dollar home for himself, and otherwise to fund his lifestyle. Thus, the Court finds the government's methodology, which was also used to compute loss under the United States Sentencing Guidelines, of including the entire amount of money invested by victims to be an accurate measure of the value of the property loss caused by the defendant's securities fraud offense and relevant conduct and supported by the preponderance of the evidence. 18 U.S.C. § 3664(e).

**IT IS, THEREFORE, ORDERED** that the Judgment, (Doc. No. 30), shall be amended pursuant to 18 U.S.C. § 3664(d)(5) and the MVRA to require restitution directed to the United States District Court Clerk to be paid according to the Victim Restitution List, (Doc. No. 34, Exhibit 1), in the amount of $8,409,279.43.

The Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered and may order

such payment in the future.  The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution. Any payment made that is not payment in full shall be divided proportionately among the victims named.

All other terms of the original Judgment remain unchanged.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 11, 2016

Robert J. Conrad, Jr.
United States District Judge